UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE TURNER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>REDDING BANK OF COMMERCE,<br><br>　　　　　　Defendant. | 2:17-cv-01047-TLN-CMK<br><br>ORDER |

This matter is before the Court pursuant to Defendant Redding Bank of Commerce's ("Defendant") motion for an order dismissing and striking the complaint, or alternatively, for a more definite statement. (ECF No. 4.) Plaintiff Julie Turner ("Plaintiff") opposes the motion. (ECF No. 5.) In doing so, Plaintiff asks to be allowed to file an amended complaint. The Court has carefully considered the arguments raised by the parties. For the reasons set forth below, Defendant's motion is DENIED. However, the Court will permit Plaintiff to file an amended complaint as requested.

**I.　INTRODUCTION AND PROCEDURAL BACKGROUND**

This civil rights action arises out of the allegedly unlawful termination of Plaintiff by Defendant. Defendant removed the instant action from the Superior Court of the State of California, County of Sacramento. (*See* ECF No. 1 at ¶ 1.) Defendant's motion followed shortly thereafter. (ECF No. 4.) In order to efficiently address the parties' substantive arguments a brief

1

introduction is necessary.

The complaint is somewhat unusual. On the first page of the complaint, across from the caption, the following words appear: "COMPLAINT FOR DAMAGES, DISCRIMINATION, DUE TO DISABILITY FAILURE TO REASONABLY ACCOMMODATE; FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; IN VIOLATION OF THE ADA; FEHA; VIOLATION OF PUBLIC POLICY." (ECF No. 1-4 at 6.) Having read that, Defendant surmised that Plaintiff wished to bring the following five causes of action: "(1) disability discrimination, (2) failure to reasonably accommodate, (3) failure to engage in the interactive process, (4) violation of the American's [sic] with Disabilities Act, and (5) violation of public policy." (ECF No. 4 at 3.) However, somewhat mysteriously, the fifteen enumerated paragraphs of the complaint are broken up by only two labeled sections. The first labeled section, "<u>GENERAL ALLEGATIONS</u>," contains the first eight paragraphs. (*See* ECF No. 1-4 at ¶¶ 1–8.) The second labeled section, "<u>FIRST CAUSE OF ACTION</u>," contains the remaining enumerated paragraphs along with the subheading "(Disability Discrimination in Violation of ADA, FEHA)." (*See* ECF No. 1-4 at ¶¶ 9–15.)

As Defendant puts it, "although Plaintiff's Complaint appears to allege five (5) causes of action against [Defendant], the body of the complaint only contains one (1) cause of action." (ECF No. 4 at 2.) Plaintiff acknowledges this was "arguably inartful pleading." (ECF No. 5 at 1.) Plaintiff clarifies that she is "not pursuing [a public policy claim] in this action." (ECF No. 5 at 2.) Consequently, there is no need to address Defendant's argument with respect to such a claim. With this in mind the Court turns to the parties' submissions.

## II. ANALYSIS

Defendant's motion seeks the following forms of relief: First, Defendant argues Plaintiff's state law claims under California's Fair Employment and Housing Act ("FEHA") should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4 at 4–7.) Second, assuming its first argument is successful, Defendant argues the Court should strike all references in the complaint to "FEHA, to California law, to [California] Government Code § 12965(b) and Plaintiff's prayer for 'medical expenses.'" (ECF No. 4 at 8.) Third, in the

alternative, Defendant argues Plaintiff should be required to separately plead each cause of action she intends to assert. (ECF No. 4 at 8–9.)

The Court will first examine the parties' submissions with respect to whether Plaintiff's state law claims under FEHA should be dismissed. However, before doing so, the Court will briefly note the applicable standard for motions brought pursuant to Rule 12(b)(6), as a lengthy discussion is not necessary to resolve the instant motion. As Defendant correctly observes, under Rule 12(b)(6), "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). However, the burden is on the Defendant to show that dismissal is proper under this standard. *See* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004). As discussed below the Court finds Defendant has not met its burden.

Defendant argues "Plaintiff's state law claims should be dismissed because [she] has failed to allege that she exhausted her administrative remedies under the FEHA or that she obtained a right-to-sue notice from the [Department of Fair Employment and Housing ("DFEH")]." (ECF No. 4 at 5.) Citing *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994), Defendant argues that "exhaustion of administrative remedies is a *jurisdictional prerequisite* to filing suit in state or federal court" for a FEHA claim. (ECF No. 4 at 5 (emphasis retained).)

Defendant's citation to *Martin* is puzzling. What *Martin actually says* at the pin-cited page is as follows: "We have recognized, in the context of the Fair Employment and Housing Act, that the failure to exhaust an administrative remedy is a jurisdictional, not a procedural, defect, and thus that failure to exhaust administrative remedies *is a ground for a defense summary judgment*." *Martin*, 29 Cal. App. 4th at 1724 (emphasis added) (internal alterations and quotation marks omitted). Consequently, Defendant's reliance upon *Martin* for the proposition that Plaintiff must affirmatively plead exhaustion to survive a Rule 12(b)(6) is misplaced. Accordingly, Defendant has failed to meet its burden to show that dismissal is appropriate for failure to include such an allegation. Due to the poverty of briefing on this point, the Court

3

declines to definitively resolve whether a plaintiff is required to plead exhaustion under FEHA to survive a Rule 12(b)(6) motion. *See Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001).

Because Defendant has not shown that dismissal is appropriate, the Court's remaining discussion of Defendant's motion will be brief. Indeed, only two points warrant mention. First, Defendant's argument in support of its motion to strike pursuant to Rule 12(f) presupposes the success of its Rule 12(b)(6) argument on exhaustion. (*See* ECF No. 4 at 8.) For that reason alone, Defendant's argument fails. However, for the sake of completeness, the Court will make one additional observation. In relevant part, Rule 12(f) provides as follows: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant cites *Whittlestone, Inc. v. Handi-Craft Co.* ("*Whittlestone*"), 618 F.3d 970, 973 (9th Cir. 2010), to support of its contention that the success of its Rule 12(b)(6) argument would have required the striking of the following from the complaint: "Plaintiff's references to . . . FEHA, to California law, to Government Code § 12965(b) and Plaintiff's prayer for 'medical expenses' . . . . as . . . immaterial, impertinent, and redundant." (ECF No. 4 at 8.) *Whittlestone* stands for precisely the *opposite* proposition. There, as here, it was "quite clear that none of the [Rule 12(f)] categories covers the allegations in the pleading sought to be stricken by" Defendant. *Whittlestone*, 618 F.3d at 974. In essence, Defendant is suggesting that items may be stricken from a complaint if they relate to a claim that should be dismissed under Rule 12(b)(6). (ECF No. 4 at 8.) The Ninth Circuit squarely rejected this position in *Whittlestone*. As the Ninth Circuit made clear, such arguments are "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Id*. Consequently, for the reasons set forth above, Defendant's motion to strike must be denied.

Second, the Court will briefly address Defendant's request that Plaintiff provide a more definite statement pursuant to Rule 12(e). (ECF No. 4 at 8–9.) This requires an examination of Plaintiff's opposition. The thrust of Plaintiff's opposition is to ask the Court to allow her to "more artfully plead" her claims either by granting Defendant's request for a more definite statement or, in the alternative, granting her leave to file an amended complaint. (ECF No. 5 at

4

1.) Particularly, Plaintiff expresses a desire to plead her ADA and FEHA claims separately. (ECF No. 5 at 2.) In doing so, Plaintiff represents to the Court that "she did indeed file an administrative complaint with DFEH and was issued a Right to Sue letter by DFEH" and argues that she should be given the opportunity to so plead. (ECF No. 5 at 2.) Plaintiff does not contest Defendant's suggestion that she should have to plead exhaustion. Instead, Plaintiff contends her failure to do so was a "clerical oversight" and it would be a "draconian result" to not allow her to cure this supposed error. (ECF No. 5 at 2.) Again, the Court need not decide whether Plaintiff needs to plead exhaustion. Assuming she does, Plaintiff is plainly correct that she should be given leave to amend to cure this deficiency. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("'[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Consequently, Plaintiff will be granted leave to file an amended complaint as requested. As Plaintiff has indicated that she will identify each of the causes of action she intends to pursue in her second amended complaint, the Court need not determine whether it would have granted Defendant's motion pursuant to Rule 12(e).

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendant's Motion is DENIED as set forth above.
2. Plaintiff may file an amended complaint, as requested, within 30 days of the date this Order is filed.

Dated: March 15, 2018

Troy L. Nunley
United States District Judge